UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ADRIAN JONES,

     Plaintiff,

    -against-

CITY OF SYRACUSE,
SGT. JAMES MILANA,
P.O. GORDON QUONCE,
P.O. TARAS SENENKO, and
P.O. DERRICK ETTINGER,

     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**
Case No.:  5:20-CV-0340 (FJS/ATB)

Plaintiff Demands a Jury Trial

   Plaintiff, by his attorneys Sivin & Miller, LLP, complaining of defendants, alleges

as follows, upon information and belief:

### JURISDICTION and VENUE

   1.  That this Court has jurisdiction over this action in that it is brought pursuant to

28 U.S.C. § 1331 and § 1343.

   2.  That prior to the institution of this action and within ninety (90) days from the

dates when the causes of action accrued herein, a Notice of Claim and Intention to Sue was duly

served upon and filed with defendants on behalf of plaintiff; that this action was not commenced

until the expiration of thirty (30) days after such Notice of Claim and Intention to Sue was

presented and defendants have neglected and/or refused to make adjustment or payment thereon,

and this action is being commenced within one year and ninety days after the causes of action

accrued herein.

   3.  Venue is proper in this district as the parties reside in the Northern District of

New York and the causes of action herein accrued in the Northern District of New York.

## THE PARTIES

4. That at all times herein mentioned, plaintiff was and is a United States citizen and a resident of the State of New York.

5. That at all times herein mentioned, defendant City of Syracuse (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

6. That at all times herein mentioned, the City operated, managed, maintained, supervised, and controlled the Syracuse Police Department (hereinafter "the SPD").

7. That at all times herein mentioned, the SPD was and is an agency of the City.

8. That at all times herein mentioned, defendant Sgt. James Milana (hereinafter "Milana") was and is employed by the City as a police sergeant.

9. That at all times herein mentioned, Milana was and is employed by the SPD as a police sergeant.

10. That at all times herein mentioned, Milana was acting within the course and scope of his employment with the City and the SPD.

11. That at all times herein mentioned, Milana was acting under color of state law.

12. That at all times herein mentioned, defendant P.O. Gordon Quonce (hereinafter "Quonce") was and is employed by the City as a police officer.

13. That at all times herein mentioned, Quonce was and is employed by the SPD as a police officer.

14. That at all times herein mentioned, Quonce was acting within the course and scope of his employment with the City and the SPD.

15.  That at all times herein mentioned, Quonce was acting under color of state law.

16.  That at all times herein mentioned, defendant police officer Taras Senenko (hereinafter "Senenko") was and is employed by the City as a police officer.

17.  That at all times herein mentioned, Senenko was and is employed by the SPD as a police officer.

18.  That at all times herein mentioned, Senenko was acting within the course and scope of his employment with the City and the SPD.

19.  That at all times herein mentioned, Senenko was acting under color of state law.

20.  That at all times herein mentioned, defendant police officer Derrick Ettinger (hereinafter "Ettinger") was and is employed by the City as a police officer.

21.  That at all times herein mentioned, Ettinger was and is employed by the SPD as a police officer.

22.  That at all times herein mentioned, Ettinger was acting within the course and scope of his employment with the City and the SPD.

23.  That at all times herein mentioned, Ettinger was acting under color of state law.

24.  That Milana, Quonce, Senenko, and Ettinger all are being sued herein in both their individual and their official capacities.

## THE FACTS

25.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

26.  That on or about August 29, 2015, the City of Syracuse, by and through its police officers and officials, including Milana, Quonce, Senenko, and Ettinger (hereinafter referred to collectively as "the officers"), forcibly seized, arrested, and imprisoned plaintiff without probable cause to believe that plaintiff had committed or was about to commit any crime.

27.  That on or about August 29, 2015, the City of Syracuse, by and though the officers, then initiated and/or caused to be initiated a criminal prosecution of plaintiff, in which plaintiff was charged with various crimes of which he was innocent, of which the officers knew plaintiff to be innocent, of which the officers did not have probable cause to believe plaintiff was guilty, and of which the officers did not have probable cause to believe a prosecution could succeed.

28.  That in support of the aforementioned prosecution, Senenko swore out Felony Complaints in the Criminal Court of the City of Syracuse, charging plaintiff with Criminal Possession of a Weapon in the Second Degree and Tampering With Physical Evidence, in which he made accusations against plaintiff that were untrue and that the officers knew were untrue.

29.  That in support of the aforementioned prosecution, the officers fabricated evidence, including a firearm and shirt that they allege belonged to plaintiff, and forwarded that evidence to prosecutors.

30.  That in further support of the aforementioned prosecution, the officers knowingly made false statements to fellow officers and to prosecutors, including but not limited to the statement that plaintiff was observed discarding a firearm and a shirt into a trash can and that the officers then recovered the firearm and shirt from the trash can.

31.  That in further support of the aforementioned prosecution, the officers generated and forwarded to prosecutors paperwork in which they knowingly made false

statements, including but not limited to the statement that plaintiff was observed discarding a firearm and a shirt into a trash can and that the officers then recovered the firearm and shirt from the trash can.

32. That in further support of the aforementioned prosecution, the officers knowingly gave false testimony to the Grand Jury and to the Supreme Court of the State of New York, County of Onondaga, including but not limited to testimony that plaintiff was observed discarding a firearm and a shirt into a trash can and that the officers then recovered the firearm and shirt from the trash can.

33. That the fabricated evidence and false statements generated by the officers were of the type that were likely to influence the court and the trier of fact as to plaintiff's guilt or innocence.

34. That at all times herein mentioned, plaintiff denied that he possessed the firearm or the shirt that the officers alleged were recovered from the trash can.

35. That as a result of the fabricated evidence and false statements made by the officers, plaintiff suffered a severe deprivation of his liberty, including but not limited to incarceration and the setting of high bail.

36. That as a result of the fabricated evidence and false statements made by the officers, plaintiff was compelled to plead guilty to attempted criminal possession of a weapon in the second degree, rather than risk being convicted of a more serious, albeit meritless, charge and incarcerated for fifteen years.

37. That on or about June 29, 2016 a judgment of conviction was entered against plaintiff on his guilty plea.

38. That as a result of the aforementioned prosecution, fabricated evidence, false statements, and conviction, plaintiff was incarcerated from August 29, 2015 until on or about March 15, 2018.

39. That on or about July 31, 2019, in *People v. Jones*, 174 A.D.3d 1532 (4th Dept. 2019), the judgment of conviction was reversed and the underlying indictment against plaintiff was dismissed.

40. That it its decision and order, the Appellate Division held that the evidence allegedly recovered by the officers, and on which plaintiff was prosecuted, was obtained illegally.

41. That on or about August 16, 2019, the Supreme Court of the State of New York, County of Onondaga, dismissed and sealed the indictment, and the criminal proceeding terminated favorably to plaintiff.

42. That the aforementioned actions of defendants herein were intentional and malicious in nature.

43. That as a direct result of defendants' actions herein, plaintiff was incarcerated for nearly thirty-one months and was subjected to other deprivations of liberty, endured and continues to endure pain and suffering and loss of enjoyment of life, suffered and continues to suffer embarrassment, humiliation, and damage to reputation, suffered and continues to suffer economic loss, and has been otherwise damaged.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Prosecution Under New York State Law)

44. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

45. That the aforementioned actions of the police officers constitute a malicious prosecution of plaintiff, for which the officers are liable under New York State law and for which the City is vicariously liable under the doctrine of *respondeat superior*.

### SECOND CAUSE OF ACTION AGAINST THE OFFICERS
(42 U.S.C. § 1983: Fourth Amendment Seizures)

46. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

47. That the aforementioned actions of the police officers, including the initial seizure, arrest, and imprisonment of plaintiff, and the subsequent prosecution and imprisonment of plaintiff, constitute improper and illegal seizures of plaintiff, in violations of plaintiff's rights under the Fourth Amendment to the U.S. Constitution, and entitle plaintiff to recover damages under 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION AGAINST THE OFFICERS
(42 USC § 1983: Denial of Right to Fair Trial)

48. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

49. That the aforesaid actions of the officers, including the fabrication of evidence and the issuing of false statements, constitute a denial of plaintiff's right to a fair trial, in violation of plaintiff's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and entitle plaintiff to recover damages under 42 U.S.C. § 1983.

50. That all of the foregoing causes of action fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

**WHEREFORE**, plaintiff demands judgment against defendants, and each of them, on all of the foregoing causes of action, for compensatory damages in the amount of Ten

Million ($10,000,000.00) Dollars, and punitive damages in the amount of One Million

($1,000,000.00) Dollars, together with attorney's fees pursuant to 42 U.S.C. § 1988, and together

with the costs and disbursements of this action.


Dated:  New York, New York
        March 25, 2020


                                        s/ Edward Sivin
                                        Bar Roll Number: 514765
                                        Attorneys for Plaintiff
                                        Sivin & Miller, LLP
                                        20 Vesey Street, Suite 1400
                                        New York, NY 10007
                                        Telephone: (212) 349-0300
                                        E-mail: esivin@sivinandmiller.com