UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ADRIAN JONES,

                             **Plaintiff,**

                  v.                                                  5:20-CV-340
                                                                  (FJS/ATB)

CITY OF SYRACUSE; POLICE SERGEANT JAMES
MILANA; POLICE OFFICER GORDON QUONCE;
POLICE OFFICER TARAS SENENKO; and
POLICE OFFICER DERRICK ETTINGER,

                             **Defendants.**
_____

**APPEARANCES**                                          **OF COUNSEL**

**SIVIN, MILLER & ROCHE LLP**                **EDWARD SIVIN, ESQ.**
20 Vesey Street
Suite 1400
New York, New York 10007
Attorneys for Plaintiff

**CITY OF SYRACUSE**                            **TODD M. LONG, ESQ.**
**LAW DEPARTMENT**                            **DANIELLE PIRES, ESQ.**
300 City Hall
233 East Washington Street
Syracuse, New York 13202
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Pending before the Court is Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to meet the pleading requirements of Rules 8 and 12 of the Federal Rules of Civil Procedure. *See* Dkt. No. 12.

## II. BACKGROUND

According to the allegations in the complaint, this case arises from Plaintiff's underlying criminal case, *People v. Jones*, in which the Appellate Division reversed the judgment of conviction and dismissed the underlying indictment after concluding that law enforcement illegally obtained the evidence used in Plaintiff's prosecution. *See* Dkt. No. 1, Complaint, at ¶¶ 39-40.

Plaintiff alleges that, although Defendants did not have probable cause to arrest and imprison him in connection with the events of August 29, 2015, Defendant City of Syracuse, through its police officers, including Defendants Milana, Quonce, Senenko and Ettinger (collectively "Defendant Officers") did so. *See id.* at ¶ 26. Furthermore, Plaintiff claims that Defendant Officers did not have probable cause to believe he was guilty or that a prosecution could succeed. *See id.* at ¶ 27. Nevertheless, Defendant City of Syracuse, through Defendant Officers, charged Plaintiff with Criminal Possession of a Weapon in the Second Degree and Tampering with Physical Evidence. *See id.* at ¶ 28.

Plaintiff further contends that Defendant Officers fabricated evidence and made false statements in connection with his prosecution in *People v. Jones*. Plaintiff asserts that the accusations against him in the criminal complaints were false and that Defendant Officers knew they were false. *See id.* Therefore, Plaintiff alleges that, in support of the prosecution, Defendant Officers fabricated evidence of a firearm and shirt, which they alleged belonged to Plaintiff. *See id.* at ¶ 29. Furthermore, Plaintiff contends that Defendant Officers made false statements to other officers and to prosecutors, including that they saw him discarding a firearm and shirt into a trash can and that they recovered such firearm and shirt from the trash can. *See id.* at ¶ 30. Moreover, Plaintiff alleges that Defendant Officers generated paperwork, including

the aforementioned statements, to support the prosecution. *See id.* at ¶ 31. Finally, Plaintiff asserts that Defendant Officers gave false testimony to the Grand Jury and New York Supreme Court, once again stating that they saw him discarding a firearm and shirt into a trash can and that they recovered these items. *See id.* at ¶ 32.

In addition, Plaintiff contends that Defendant Officers' conduct led to his pleading guilty and suffering deprivation of liberty and that the fabricated evidence and false statements that Defendant Officers made were likely to influence the court and trier of fact regarding his guilt or innocence. *See id.* at ¶ 33.

Finally, Plaintiff states that, at all times, he denied he possessed the firearm or shirt that Defendant Officers alleged they recovered. *See id.* at ¶ 34. However, Plaintiff states that he felt compelled to plead guilty to attempted criminal possession of a weapon in the second degree rather than risking conviction of a more serious charge and incarceration for fifteen years. *See id* at ¶ 36. Therefore, because of the fabricated evidence and false statements, Plaintiff asserts that he was deprived of his liberty, including incarceration and high bail. *See id.* at ¶ 35. Plaintiff notes that, on June 29, 2016, the trial court entered a judgment of conviction based on his guilty plea, *see id.* at ¶ 37; and, as a result, he was incarcerated from August 29, 2015, until March 15, 2018, *see id.* at ¶ 38. Plaintiff further claims that, in addition to suffering deprivation of liberty, he endured and continues to endure pain and suffering, loss of enjoyment of life, embarrassment, humiliation, damage to his reputation, and economic loss. *See id.* at ¶ 43.

Based on these allegations, Plaintiff asserts the following three causes of action: (1) malicious prosecution under New York law against all Defendants, *see id.* at ¶¶ 44-45; (2) illegal seizure in violation of his rights under the Fourth Amendment to the United States Constitution, against Defendant Officers, brought pursuant to 42 U.S.C. § 1983, *see id.* at ¶¶ 46-47; and (3)

denial of the right to a fair trial under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. § 1983, against Defendant Officers, *see id.* at ¶¶ 48-50.

## III. DISCUSSION

**A.     Preliminary matters**

In response to Defendants' motion to dismiss, Plaintiff states that he only opposes "the instant motion to the extent that it seeks dismissal of [his] state-law cause of action for malicious prosecution and [his] cause of action for denial of a right to a fair trial pursuant to 42 U.S.C. § 1983." *See* Dkt. No. 17 at 6. Based on this statement, the Court concludes that Plaintiff has abandoned his § 1983 claim against Defendant Officers for illegal seizure. Therefore, the Court grants Defendants' motion to dismiss that claim.

**B.     Standard of review for a motion to dismiss**

In reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's duty is to assess the legal feasibility of the complaint. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).  When making its decision, the court must accept all well-pleaded facts as true and draw all reasonable inference in the plaintiff's favor.  *See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (citation omitted).  The court should only grant a motion to dismiss if "'it appears beyond doubt . . . that the plaintiff can prove no set of facts which would entitle him to relief.'"  *Sec. Inv'r Prot. Corp. v. BDO Seidman, LLP*, 222 F.3d 63, 68 (2d Cir. 2000) (quotation omitted) (citations and internal quotation marks omitted).

C. **Plaintiff's state-law malicious prosecution claim against all Defendants**

To support a claim for malicious prosecution under New York law, the plaintiff must show the following: "'"(1) the initiation or continuation of a criminal proceeding [by the defendant] against the plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'"  *Kaplan v. Cnty. of Warren*, No. 1:19-cv-941, 2021 WL 4134758, *6 (N.D.N.Y. Sept. 10, 2021) (quoting [*McGrier v. City of New York*, 849 F. App'x 268, 270 (2d Cir. 2021)] (quoting *Mandaniello*, 612 F.3d at 161 (internal quotation marks omitted))).  In this case, the parties only dispute whether Plaintiff has satisfied the second element of this claim, *i.e.*, whether the underlying criminal proceeding terminated in Plaintiff's favor.

Generally, under New York common law, "any final termination of a criminal proceeding in favor of the accused, such that the proceeding cannot be brought again, qualifies as a favorable termination for purposes of a malicious prosecution action[.]" *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195 (2000) (citations omitted).  Furthermore, "a criminal proceeding is terminated favorable to the accused when 'there can be no further proceeding upon the complaint or

indictment, and no further prosecution of the alleged offense.'" *Id.* at 195-96 (quoting [*Robbins*], 133 NY, at 599-600)) (other citation omitted).  However, the common law "also recognizes an exception to the general rule where termination of the criminal prosecution is inconsistent with the innocence of the accused." *Id.* at 196.

Typically, New York courts have recognized three categories of dismissals that are inconsistent with innocence: (1) when there is "'misconduct on the part of the accused in preventing the trial from going forward,'" (2) when the "'charges [are] dismissed or withdrawn pursuant to a compromise with the accused,'" or (3) when the "'charges [are] dismissed or withdrawn out of mercy requested or accepted by the accused.'"  *Graham v. City of New York*, No. 16-cv-4613 (NGG) (CLP), 2018 WL 1157818, *5 (E.D.N.Y. Mar. 2, 2018) (quoting *Anilao v. Spota*, 774 F. Supp. 2d 457, 508 (E.D.N.Y. 2011) (alterations adopted) (internal quotation marks omitted)); *Smith-Hunter*, 95 N.Y.2d at 196-97.  In addition, the New York Court of Appeals and district courts in the Second Circuit, as well as some of the New York State Appellate Divisions, have suggested that termination may also be inconsistent with innocence when a conviction is dismissed on appeal because it was based on evidence that should have been suppressed.[1]

---

[1] *See, e.g., Martinez v. City of Schenectady*, 97 N.Y.2d 78, 84-85 (2001) (holding no favorable termination when the plaintiff's "felony conviction was reversed not because of her lack of culpability – indeed, her guilt was proven beyond a reasonable doubt – but because the evidence that formed the basis for her conviction was obtained pursuant to a faulty search warrant"); *Harris v. City of New York*, No. 15-CV-06467 (MKB), 2017 WL 59081, *6 (E.D.N.Y. Jan. 4, 2017) (holding there was no favorable termination because "the factual circumstances of Plaintiff's prosecution are inconsistent with innocence as a matter of law because Plaintiff concedes that the officers recovered a gun from his possession and the only basis for reversal of his conviction was the failure to suppress the unlawfully obtained evidence" (citations omitted)); *Frederick v. City of New York*, No. 13-CV-897 (MKB), 2016 WL 8711395, *16 (E.D.N.Y. Mar. 25, 2016) (holding no favorable termination when conviction reversed because appellate court found the evidence should not have been before the jury, not that the jury erred in convicting the plaintiff based on that evidence); *Peters v. City of New York*, No. 14-cv-1361-ERK, 2015 WL

Only a couple of cases have suggested that termination may be consistent with innocence under certain narrow circumstances even when the dismissal on appeal was based on evidence that should have been suppressed. *See Penree v. City of Utica*, No. 6:13-cv-01323 (MAD/ATB), 2016 WL 915252, *17 (N.D.N.Y. Mar. 4, 2016) (distinguishing the circumstances in this case where the city court judge dismissed the criminal proceedings in which the court found that there were no exigent circumstances to enter the plaintiff's residence to arrest him and the case was dismissed without a trial from the circumstances in *Layou*, 2013 WL 5494062, and *Martinez*, 97 N.Y.2d at 84-85 in which "the plaintiffs were convicted at their criminal trials, but the convictions were reversed on appeal because the evidence was obtained through faulty search warrants" and noting that the courts in those cases had "found that the criminal proceedings were not favorable terminations because the plaintiffs' convictions at trial were inconsistent with innocence" (citations omitted)); *Smalls v. City of New York*, 181 F. Supp. 3d 178, 188 (E.D.N.Y. 2016) (noting that, after a suppression hearing, the trial court had found a gun and related testimony admissible and the plaintiff was convicted after trial; the plaintiff appealed and his conviction was reversed after the Appellate Division found that the lower court improperly denied suppression of the gun because "the plaintiff was not behaving suspiciously and, therefore, the initial pursuit was unlawful"; and finding "[t]hat the officers lacked reasonable

---

3971342, *2-*3 (E.D.N.Y. June 30, 2015) (holding malicious prosecution claim "fails because the charges against [the plaintiff] were dismissed as a result of the suppression of evidence found on [the plaintiff's] person and in his apartment" and that "the circumstances of the dismissal in [the plaintiff's] prior criminal proceeding do not indicate his innocence and are, in fact, consistent with his guilt" (citation omitted)); *Layou v. Crews*, No. 9:11-CV-0114 (LEK/RFT), 2013 WL 5494062, *13 (N.D.N.Y. Sept. 30, 2013) (finding that the plaintiff's criminal convictions were not favorably terminated because they "were overturned because the evidence was tainted by an unlawful search and seizure, and/or the chain of custody over the evidence could not be established" and "[s]uch a holding does not constitute a 'favorable termination' for purposes of a malicious prosecution claim" (citations omitted)).

suspicion for the stop in no way affirms that plaintiff was guilty of the underlying crimes and it would be entirely consistent for the plaintiff to have also been innocent"; and, therefore, the court found that, for purposes of a motion to dismiss, the plaintiff had met his burden to show that the reversal of his conviction was not inconsistent with innocence (citations and footnote omitted)); *Graham*, 2018 WL 1157818, at *6 (finding that the plaintiff's "malicious prosecution claim must fail because his state-court proceeding was terminated in a manner inconsistent with his innocence" but explaining, "[t]hat is not to say that a conviction reversed on suppression grounds can never support a subsequent claim for malicious prosecution [and] noting that, "[i]n *Martinez*, the court suggested that the termination of a prosecution on suppression grounds is inconsistent with innocence when the suppression error is merely 'technical'" (citation omitted)). Finally, the determination of whether an underlying criminal proceeding terminated in a manner inconsistent with innocence is "case specific and . . . made 'under the circumstances of each case.'" *Penree*, 2016 WL 915252, at *17 (quoting *Cantalino*, 96 N.Y.2d at 396 (citing *Smith-Hunter*, 95 N.Y.2d at 196-97 (describing that the specific circumstances of each case dictate whether a final termination in the plaintiff's favor is inconsistent with innocence))).

Both *Penree* and *Smalls* are distinguishable from this case. In *Penree*, the city court terminated the criminal action before the defendant was convicted. *See Penree*, 2016 WL 915252, at *17. In its decision, the city court "outlin[ed] the factual circumstances prior to [the p]laintiff's arrest and conclude[d] that there were no exigent circumstances to enter [the p]laintiff's residence to arrest him." *Id.* (citation omitted). Furthermore, "[t]here [was] no indication that the evidence recited would result in a conviction but for the unlawful arrest." *Id.* (citation omitted). In addition, "the city court judge commented that there was no evidence offered that the children's health, safety, or welfare were in danger . . . [and] did not state any

facts beyond the forcible entry into [the plaintiff]'s residence." *Id.* (citation omitted). Therefore, the court concluded that "the decision dismissing [the p]laintiff's . . . criminal charges [was] not inconsistent with innocence." *Id.*

Furthermore, in *Smalls*, the plaintiff was convicted of criminal possession of a weapon based on an officer's testimony that, after pursuing the plaintiff and a group of his friends, he saw the plaintiff in possession of a gun that was later recovered in the area where the plaintiff was arrested. *See Smalls*, 181 F. Supp. 3d at 183; *People v. Smalls*, 83 A.D.3d 1103, 1103-04 (2d Dep't 2011). The police did not recover a gun from the plaintiff's person. *See Smalls*, 181 F. Supp. 3d at 182. The Appellate Division found that the trial court improperly denied a motion to suppress the gun because the initial pursuit, which occurred prior to the officer's observation of the plaintiff with a gun, was unlawful. *See People v. Smalls*, 181 F. Supp. 3d at 182, 188. In the plaintiff's civil action, the court found that the Appellate Division's dismissal was neutral because it "in no way affirm[ed] that [the] plaintiff was guilty of the underlying crimes, and it would be entirely consistent for the plaintiff to have also been innocent." *Id.* at 188 (footnote omitted). The court also noted that the Appellate Division did not find that the plaintiff possessed a gun. *See id.* at 188 n.6. Additionally, the court reasoned that, "[i]f what plaintiff avers is true – that he had no weapon, that he gave no one a weapon, that he made no inculpatory statements, and that he dropped no ammunition – then the officer's testimony to the contrary cannot be used to stamp out the claim before it can take root" because the plaintiff maintained his innocence. *Id.* at 188.

Conversely, although *Graham* is analogous to Plaintiff's case, the court's *dicta* does not apply to the present case. In *Graham*, officers alleged they saw the plaintiff put his hand in his pocket as he was leaving an area, and they saw that it possibly contained the barrel of a firearm. *See Graham*, 2018 WL 1157818, at *2. The officers proceeded to search the plaintiff and

allegedly recovered a revolver from his pocket.  *See id.*  The plaintiff was subsequently convicted at trial for criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the fifth degree.  *See id.*  The Appellate Division reversed his conviction based on the fact that the police recovered the gun and other contraband pursuant to an illegal search.  *See id.*

In *Graham*, the court reasoned that the plaintiff's case was not like other cases where the contraband suppressed on appeal was actually recovered.  *See id.* at *6.  Nor was the plaintiff's case like *Smalls*, in which the police did not recover any contraband, and Smalls maintained he did not possess any contraband.  *See id.*  In *Graham*, the plaintiff did not admit that the police recovered the gun from his person, nor did he affirmatively state that a gun was not found.  *See id.*  The court surmised that it "might be a different case if Plaintiff had put forth a well-pleaded allegation that he did not, in fact, possess the gun or drug contraband that the police recovered from him during the unlawful search."  *Id.*  However, ultimately, the court decided not to "read in facts beyond those which are clear in the record," but, rather, to follow the precedent set by the New York Court of Appeals and Appellate Division to look at the circumstances of the case.  *Id.*  Upon doing so, the court found that "the reversal of Plaintiff's conviction on appeal did not call into question the possession of contraband of which he was convicted, which is inconsistent with his innocence."  *Id.*

Based on the relevant caselaw, the Court finds that the underlying criminal proceeding did not terminate in Plaintiff's favor because it terminated in a manner inconsistent with Plaintiff's innocence.  The Appellate Division vacated Plaintiff's conviction solely because that conviction was based on evidence that should have been suppressed.  *See* Dkt. No. 1 at ¶ 40; *People v. Jones*, 174 A.D.3d 1532, 1535 (4th Dep't 2019).  Moreover, and perhaps most

importantly, although Plaintiff now asserts that he was "compelled to plead guilty," he does not allege that his plea of guilty was involuntary; rather, he asserts "[t]hat as a result of the fabricated evidence and false statements made by the officers, [he] was compelled to plead guilty to attempted criminal possession of a weapon in the second degree, rather than risk being convicted of a more serious, albeit meritless, charge and incarcerated for fifteen years." *See* Complaint at ¶ 36.

Furthermore, Plaintiff's case more closely resembles cases like *Graham*, in which the court determined that a conviction dismissed based on suppression of evidence was not a favorable termination, rather than *Penree* and *Smalls*, in which the courts determined that the underlying reversal of conviction terminated favorably. In *Penree*, for example, the underlying prosecution did not reach the merits of the case. *See Penree*, 2016 WL 915252, at *17. To the contrary, in this case, Plaintiff pled guilty to attempted criminal possession of a weapon in the second degree, thereby admitting his guilt. *See* Dkt. No. 1 at ¶ 37.

This case is also distinguishable from *Smalls*. In this case, the Appellate Division's dismissal was not neutral; and Plaintiff admitted his guilt by pleading guilty to the charge of attempted criminal possession of a weapon in the second degree. *See* Dkt. No. 1 at ¶ 36; *see Jones*, 174 A.D.3d at 1534-35. Furthermore, Plaintiff alleges that the Officers did not find the gun in question on his person and fabricated evidence, including a firearm and shirt that they asserted belonged to him. *See* Dkt. No. 1 at ¶ 29. However, Plaintiff did not maintain his innocence throughout his underlying prosecution *See id.* at ¶ 36. In fact, just the opposite – Plaintiff admitted that he committed the offense with which he was charged by pleading guilty to attempted criminal possession of a weapon in the second degree. *See id.*; *see also McCarthy v. United States*, 394 U.S. 459, 466 (1969) (stating that "a guilty plea is an admission of all the

elements of a formal criminal charge"). Moreover, although Plaintiff states that he denied at all times that he possessed the gun or shirt and that he was "compelled to plead guilty," he does not allege that his guilty plea was involuntary. *See id.* at ¶¶ 34, 36.

Additionally, although the Appellate Division reversed Plaintiff's conviction and dismissed the underlying indictment, it did not call into question Plaintiff's illegal possession of the gun. *See id.* at ¶ 39. Further, it did not find that Plaintiff did not possess the gun. *See generally Jones,* 174 A.D.3d 1532. Rather, the Appellate Division acknowledged that Plaintiff possessed the gun and only considered whether the nature of its seizure made evidence of the gun inadmissible in any criminal proceedings against him. *See Jones*, 174 A.D.3d at 1534-35.

The Appellate Division explained that the evidence at the suppression hearing established that (1) "[t]he officer noticed that defendant had a handgun and sweatshirt in his hand"; (2) "Defendant [Jones] then threw the gun and sweatshirt into a trash can and fled"; and (3) "the officer returned to the trash can and secured the discarded handgun. Defendant was arrested by other police officers." *Jones*, 174 A.D.3d at 1532-33. Moreover, the Appellate Division stated as follows:

> Contrary to the court's determination, there is no basis on this record to conclude that the unlawful pursuit had stopped at the time that **defendant discarded the handgun.** Rather, the evidence establishes that there was an ongoing, continuous pursuit of defendant and the second man that began after the officer exited his vehicle. Although the officer stopped running when other police officers pursued and apprehended the second man, the officer then looked to his right and regained sight of defendant, who was emerging -- and still moving with haste -- from behind a nearby building. **Between the time that the officer began the pursuit and the time that he saw defendant with a handgun** -- during which period the officer lost sight of the two men, regained sight of the second man, pursued him, and stopped when other police officers encountered him -- only one minute had elapsed . . . . Moreover, the evidence establishes that the other police officers continued the pursuit based on the officer's report over the police

>radio.  We thus conclude that **defendant's act of discarding the handgun** was "spontaneous and precipitated by the unlawful pursuit by the police" and, therefore, the handgun should have been suppressed . . . .

*Jones*, 174 A.D.3d at 1534-35 (internal citations omitted) (emphasis added). Based on the court's own statements it is clear that the Appellate Division's reversal of Plaintiff's conviction is inconsistent with his innocence and, therefore, cannot support a malicious prosecution claim.

For all these reasons, the Court concludes that, as a matter of law, Plaintiff cannot show that the underlying prosecution terminated his favor and, therefore, his malicious prosecution claim against Defendant Officers fails.  In addition, because Plaintiff's malicious prosecution claim against Defendant City of Syracuse is based on the theory of *respondeat superior*, the Court finds that Plaintiff cannot maintain his malicious prosecution claim against Defendant City of Syracuse.  Therefore, the Court grants Defendants' motion to dismiss Plaintiff's state-law malicious prosecution claim against all Defendants.

**D.     Plaintiff's denial of a fair trial claim pursuant to 42 U.S.C. § 1983**

Traditionally, "fair trial claims based on fabrication of information [are restricted] to those cases in which an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) (citing *Ricciuti*, 124 F.3d at 130; *Jocks*, 316 F.3d at 138).

The parties do not dispute these five elements.  Rather, they dispute whether the Supreme Court's decision in *McDonough v. Smith*, 139 S. Ct. 2149 (2019), added a sixth element --

favorable termination -- to a fair-trial claim based on fabrication of evidence. Furthermore, assuming for sake of argument that *McDonough* did add a sixth element, the parties dispute whether the favorable termination element of a § 1983 fair-trial claim is the same as the one for a § 1983 malicious prosecution claim.

In *Smalls v. Collins*, Nos. 20-1099-cv/20-1331-cv, 2021 WL 3700194, ___ F.4th ___ (2d Cir. Aug. 20, 2021), the Second Circuit held that "*McDonough*'s accrual rule does not import malicious prosecution's favorable-termination requirement onto section 1983 fair-trial claims." *Smalls*, 2021 WL 3700194, at *13. The court explained that, "[w]here the plaintiff asserts a section 1983 fair-trial claim based on fabricated evidence, all that is required is that the underlying criminal proceeding be terminated in such a manner that the lawsuit does not impugn an *ongoing* prosecution or *outstanding* conviction." *Id.* (citing *McDonough*, 139 S. Ct. at 2158, 1260; *Heck* 512 U.S. at 486-87, 114 S. Ct. 2364; *Savory*, 947 F.3d at 417-18, 429-30 (the plaintiff's pardon constituted a favorable termination within the meaning of *Heck* and *McDonough* because the plaintiff's "conviction was set aside with this pardon.")). Furthermore, the court stated that "[t]his requirement may be satisfied where a criminal conviction has been invalidated or a criminal prosecution has been terminated in the criminal defendant's favor because, in such circumstances, there is no risk that a section 1983 plaintiff's claim will impugn an existing conviction or the basis for an ongoing prosecution." *Id.*

Applying these principles to the allegations in Plaintiff's complaint, the Court concludes that there is no risk that his § 1983 denial of a fair-trial claim "will impugn an existing conviction or the basis for an ongoing prosecution" *id.;* and, thus, he has alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

- 15 -

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss Plaintiff's Fourth Amendment seizure claim under 42 U.S.C. § 1983 against all Defendants, *see* Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's malicious prosecution claim under New York law against all Defendants, *see* Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's denial of the right to a fair trial claim under 42 U.S.C. § 1983 against the individual Defendants, *see* Dkt. No. 12, is **DENIED**; and the Court further

**ORDERS** that this case is referred to Magistrate Judge Baxter for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: September 17, 2021
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge