

# DEPARTMENT OF LAW
## OFFICE OF THE CORPORATION COUNSEL
### CITY OF SYRACUSE, MAYOR BEN WALSH

**Corporation Counsel**
Susan R. Katzoff

**First Assistant Corporation Counsel**
Joseph W. Barry III

**Senior Corporation Counsel**
Todd M. Long
Meghan E. Ryan

**First Assistant Senior Corporation Counsel**
John C. Black Jr.
Catherine E. Carnrike
Amanda R. Harrington
Danielle B. Pires
Danielle R. Smith

**Assistant Corporation Counsel**
Darienn P. Balin
Robert P. Carpenter
John J. Connor
Valerie T. Didamo
Meira N. Hertzberg
Trevor McDaniel
Patrick J. Parkinson
Connor Simonetta
Meir Teitelbaum
Zachary A. Waksman

**Department of Law Office of Corp. Counsel**
233 E. Washington St.
City Hall, Room 300
Syracuse, N.Y. 13202

Office  315 448-8400
Housing 315 448-8409
Fax    315 448-8381
Email  law@syr.gov

www.syr.gov

December 28, 2023

**VIA ELECTRONIC FILING**
Hon. Andrew T. Baxter, U.S. Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse, New York 13261

Re:  *Jones v. City of Syracuse, et al.*,
     Civil Action No. 5:20-CV-00340 (FJS/ATB)

Dear Judge Baxter:

I respectfully submit this letter requesting that the Court authorize counsel for Defendants to serve non-party witness Emerson Kinsey ("Mr. Kinsey) *via* e-mail to an established e-mail address belonging to Mr. Kinsey through which I have communicated with him in writing before (i.e. emerson_kinsey@icloud.com) in the above-referenced matter.  I had conferred with counsel for Plaintiff on December 27, 2023, and they do not object to this request for alternative service.

As set forth in Defendants' motion to compel Mr. Kinsey's deposition (*see* Dkt. No. 65), repeated efforts to secure Mr. Kinsey's deposition have been unsuccessful. Following Your Honor's order compelling his deposition, Defendants process server, Douglas Amann, attempted to personally serve Mr. Kinsey at the address provided by Plaintiff, which is his parents' home, and at the apartment that Mr. Amann had previously determined Mr. Kinsey and his children's mother resided with the order and a new deposition subpoena to take his testimony on November 10, 2023.

Despite repeated efforts, our process server was unable to locate Mr. Kinsey, at either address to personally serve him.  Mr. Kinsey is no longer responsive to my telephone calls regarding his compliance with the subpoena or acceptance of his service, which he had previously done.

"Although some courts have required service under Rule 45 by personal delivery, courts in the Second Circuit have, increasingly, authorized alternative service, as long as service is calculated to provide timely actual notice." *Juice Creative Group, LLC v. Uncommon Goods Inc.*, 2023 WL 5012192, *2 (D. Conn. Aug. 7, 2023); *quoting Gov't Emps. Ins. Co. v. Kalitenko*, 2022 WL 16798219, *1 (E.D.N.Y. Nov. 8, 2022) (collecting cases).

This includes service via e-mail as well as mail.  *See, e.g.,* Knopf v. Esposito, 2020 WL 6589593, *1 (S.D.N.Y. November 11, 2020) (court granted party's request to serve subpoena by email where the prospective recipient after "having already attempted on

*Service of papers or process by facsimile or other electronic method is not acceptable.*

Request Alternative Service on Emerson Kinsey  28 December 2023
Page 2

three occasions to serve him at his residence and having left a copy of the subpoena there").

To date, Mr. Amann has made 14 visits to 5 different addresses associated with Mr. Kinsey in an attempt to serve him with subpoenas to take his deposition and this Court's order compelling his deposition. Mr. Kinsey has never been located at any of these addresses to be personally served. I was able to personally serve him with a deposition subpoena one time when he agreed to come to the office of the City of Syracuse Law Department. However, Mr. Kinsey did not appear for that deposition for which he was served and has since stopped responding to all of my communications.

Accordingly, counsel for Defendants has no other effective way of serving Mr. Kinsey other than the e-mail he had previously used to correspond with me, which is emerson_kinsey@icloud.com. Based on this previous correspondence, it should be inferred that Mr. Kinsey received my email messages evidenced by his responses, and, therefore, emailing the subpoena would be the most calculated means to provide timely actual notice.

For these reasons, I respectfully request that the Court authorize service via e-mail at emerson_kinsey@icloud.com.

Additionally, following an update from Plaintiff's counsel regarding the conversations outlined in my December 18, 2023, letter, Defendants still intend to file a motion compelling Andre Wright's deposition and for alternative service of his deposition subpoena.

We thank this Court for Your Honor's continued attention to this matter.

Respectfully submitted,
*/s/ Darienn P. Balin*
Darienn P. Balin, Esq.
Assistant Corporation Counsel

CC:     All counsel of record via CM/ECF