UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

ADRIAN JONES,

    Plaintiff,

                              5:20-CV-340

-vs-                                 (FJS/MJK)

POLICE SERGENAT JAMES MILANA, et al.

    Defendants.

---

EDWARD SIVIN, ESQ.
CLYDE RASTETTER, ESQ. for Plaintiff

DARIENN P. BALIN, ESQ.
DANIELLE B. PIRES, ESQ. for Defendants
Assistant Corporation Counsel
Of the City of Syracuse

MITCHELL J. KATZ, United States Magistrate Judge

TO THE HONORABLE FREDERICK J. SCULLIN, JR., Senior United States District Court Judge

## REPORT-RECOMMENDATION

**I.    PROCEDURAL HISTORY**

Plaintiff commenced this action on March 26, 2020, seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Relevant here are defendants' efforts to depose non-party witness Emerson Kinsey, who was identified in plaintiff's Fed. R. Civ. P. 26(a)(1)

1

mandatory disclosures as a "witness to events on the evening in question." (Dkt. No. 65-2, ¶ 5). Defendants initially issued a subpoena to Emerson Kinsey to appear for a deposition on June 13, 2023, by serving his mother, Debbie Kinsey, at her home. (Dkt. Nos. 65-5, 65-6). Emerson Kinsey failed to appear on June 13, 2023, as directed. (Dkt. No. 65-1, ¶ 12).

On June 20, 2023, Magistrate Judge Andrew T. Baxter issued a judicial subpoena, directing Emerson Kinsey to appear for a deposition on July 13, 2023. (Dkt. Nos. 53, 65-1, ¶ 14, 65-8). The subpoena was served on June 26, 2023 by delivering it to Debbie Kinsey at her home. (Dkt. No. 65-9). Emerson Kinsey failed to appear on July 13, 2023, as directed. (Dkt. No. 65-1, ¶ 17).

Judge Baxter signed a second judicial subpoena on July 20, 2023, directing Emerson Kinsey to appear for a deposition on July 31, 2023. (Dkt Nos. 56, 65-10). On July 24, 2023, Shakeia Jones, Emerson Kinsey's girlfriend, accepted service of the second judicial subpoena at her home. (Dkt. No. 65-1 at ¶ 22).

Judge Baxter signed a third judicial subpoena on August 18, 2023, directing Emerson Kinsey to appear for a deposition on September 1, 2023. (Dkt. Nos. 62, 65-1, ¶ 26, 65-12). The third judicial subpoena was personally served on Emerson Kinsey on August 25, 2023 at the City of Syracuse Law Department. (Dkt. No. 65-13). Emerson Kinsey failed to appear for his deposition on September 1, 2023, as directed. (Dkt. No. 65-1, ¶ 31).

On September 20, 2023, defendants filed a Motion To Compel Emerson Kinsey's appearance for a deposition. (Dkt. No. 65). On October 18, 2023, Judge Baxter issued an Order Compelling Appearance At Deposition ("Order"), directing Emerson Kinsey to appear for and testify at a deposition upon proper service of a new subpoena. (Dkt. No. 70). The court's Order also contained the following language:

> **EMERSON KINSEY IS WARNED THAT HIS FAILURE TO COMPLY WITH THIS ORDER AND TESTIFY IN THE DEPOSITION AS DIRECTED BY THE COURT MAY RESULT IN THE IMPOSITION OF CONTEMPT OR OTHER SANCTIONS.**

(Dkt. No. 70) (emphasis in original).

On January 3, 2024, Judge Baxter issued a text order granting defendants' letter request (Dkt. No. 72) for leave to serve Emerson Kinsey with a deposition subpoena via electronic mail. (Dkt. No. 73). The court's January 3, 2024 text order also contained the following language:

> **MR. KINSEY IS WARNED THAT HIS FAILURE TO COOPERATE WITH DEFENSE COUNSEL AND PARTICIPATE IN A DEPOSITION NOTICED THROUGH E-MAIL COULD RESULT IN THE IMPOSITION OF CONTEMPT OR OTHER SANCTIONS.**

(Dkt. No. 73) (emphasis in original).

On January 4, 2024 and pursuant to Judge Baxter's January 3, 2024 text order, defendants' counsel served Emerson Kinsey with a copy of the Order, a subpoena directing him to appear for a deposition on February 1, 2024, and the January 3, 2024

3

text order. (Dkt. No. 82, ¶ 12, Dkt. No. 82-5).[1] Emerson Kinsey failed to appear for his deposition on February 1, 2024, as directed. (Dkt. No. 82, ¶ 26).

On May 10, 2024, the court issued an Order to Show Cause to Emerson Kinsey as to why he should not be held in civil contempt for his willful failure to comply with the court's judicially issued subpoenas, and Order directing him to appear and testify on July 13, 2023, July 31, 2023, September 1, 2023, November 10, 2023, and February 1, 2024, why a writ of body attachment authorizing the federal marshal to take him into custody should not be issued, and why compensatory and coercive sanctions should not be imposed on him upon a finding of contempt. (Dkt. No. 83). The Order To Show Cause directed Emerson Kinsey to appear at the United States District Courthouse, 100 S. Clinton Street, Syracuse, New York on June 20, 2024 at 10:00 a.m. (*Id*.). No written opposition was received to the requested relief. Emerson Kinsey did not appear on June 20, 2024, as directed.

During oral argument on June 20, 2024, defendants' counsel acknowledged that at no time was the witness fee required by Fed. R. Civ. P. 45 tendered to Emerson Kinsey with service of the various subpoenas. The court reserved decision and ordered defendants' counsel file a Certificate of Service by July 12, 2024 proving that Emerson Kinsey had been served with a new subpoena and witness fee at his parents' last known

---

[1] The Declaration of Darienn P. Balin, Esq. incorrectly indicates that service was effectuated on January 3, 2024.

address, and a declaration indicating that Emerson Kinsey had been contacted at his last known cell phone number and by text message informing him that a new subpoena and witness fee had been mailed to him at his parents' last known address. (Dkt. No. 87).

On July 12, 2024, defendants filed a Certificate of Service proving that service had been effectuated on July 11, 2024, as directed by the court. (Dkt. No. 88-1). Defendants' also filed proof that it attempted to email Emerson Kinsey and that counsel had texted him as well. (Dkt. Nos. 88-2, 88-3). Emerson Kinsey's deposition was scheduled for July 17, 2024. (Dkt. No. 88-1 at pg. 3).[2]

By letter dated July 17, 2024 (Dkt. No. 89), defendants advised the court that Emerson Kinsey did not appear for his non-party deposition and requested that the court recommend holding him in contempt. On July 17, 2024, the court issued a text order directing defendants to file a copy of the deposition transcript reflecting Emerson Kinsey's non-appearance. (Dkt. No. 90). On July 24, 2024, defendants filed a copy of the July 17, 2024 deposition transcript establishing Emerson Kinsey's non-appearance. (Dkt. No. 91).

On July 30, 2024, the court issued an Order To Show Cause to Emerson Kinsey as to why an order should not be entered holding him in civil contempt for his willful failure to comply with a subpoena to appear and testify on July 17, 2024, why a writ of body attachment authorizing the federal marshal to take him into custody should not be

---

[2] Page references are to the CM/ECF pagination system.

issued, and why compensatory and coercive sanctions should not be imposed against him upon a finding of contempt. (Dkt. No. 92). The Order To Show Cause directed Emerson Kinsey to appear on August 21, 2024 at 11:00 a.m. at United States District Court, Northern District of New York, 100 S. Clinton Street, Syracuse, New York 13261, Third Floor. A Certificate of Service was filed on August 2, 2024 (Dkt. No. 93-1). No written opposition was received, and Emerson Kinsey failed to appear on August 21, 2024, as directed.

As a result of Emerson Kinsey's failure to appear for his deposition on July 17, 2024 coupled with his failure to appear before this court on August 21, 2024, the court recommends that there be a finding of civil contempt, that a writ of body attachment authorizing the federal marshal to take Emerson Kinsey into custody be issued, and that compensatory and coercive sanctions be imposed upon a finding of contempt.

## II.   LEGAL STANDARD

### A. Civil Contempt

"United States magistrate judges have limited civil contempt authority." *Ferrara v. BD Haulers Inc.*, No. 11-CV-940, 2018 WL 3625347, at \*3 (E.D.N.Y. Apr. 30, 2018), *report and recommendation adopted*, 2018 WL 4087914 (E.D.N.Y. Aug. 27, 2018). Magistrate judges may issue orders of contempt for misbehavior in the judge's presence and may exercise criminal and civil contempt authority in misdemeanor cases and in

civil cases in which the parties have consented to magistrate judge jurisdiction. *See* 28 U.S.C. § 636(e)(2)-(4). In all other instances, the magistrate judge

> shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

In furtherance of the certification process, the magistrate judge may conduct a hearing. *See Church v. Steller*, 35 F.Supp.2d 215, 217 (N.D.N.Y. Feb. 2, 1999); *see also Ahamed v. 563 Manhattan Inc.,* No. 19-CV-6388, 2023 WL 4986364, *5 (E.D.N.Y. Jul. 6, 2023). However, the magistrate judge "functions only to 'certify the facts'" and not to issue an order of contempt. *See Church*, 35 F.Supp.2d at 217 (quoting *Litton Sys., Inc. v. AT & T*, 700 F.2d 785, 827 (2d Cir. 1983), *cert. denied,* 464 U.S. 1073 (1984)); *see also Stein Industries., Inc. v. Jarco Industries., Inc.*, 33 F.Supp.2d 163, 165–66 (E.D.N.Y. Jan. 8, 1999). In certifying the facts under 28 U.S.C. § 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Church,* 35 F.Supp.2d at 217 (citing *Proctor v. State Gov't of N.C.*, 830 F.2d 514, 521 (4th Cir.1987)).

Upon certification of the facts supporting a finding of contempt, the district court is then required to conduct a de novo hearing at which issues of fact and credibility

determinations are to be made. *Id. (*citing *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 907–08 (3d Cir. 1992) (holding that it was error for the district court not to conduct a de novo hearing after the magistrate judge issued a certification of contempt)). Whether a party's conduct constitutes contempt for which sanctions should be imposed is left to the district court's discretion. *See Litton Sys., Inc.*, 700 F.2d at 827. Upon certification, however, a magistrate judge may recommend that sanctions be imposed by the district court upon a finding of contempt. *See Peker v. Fader*, 965 F.Supp. 454, 460 (S.D.N.Y. May 27, 1997); *see also Kelly v. EMI Blackwood Music Inc. et. al.,* No. 7-CV-2123, 2007 WL 2327059, *2 (S.D.N.Y. Aug. 16, 2007). In situations where the magistrate judge declines to certify the conduct to the district court for a determination of contempt, the "district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." *Church,* 35 F.Supp.2d at 217 (citing *In re Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 423–24 (S.D.N.Y. Sep. 17, 1998)).

 A person may be held in contempt if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda. v. GE Medical. Systems. Information. Technologies., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks omitted). A clear and unambiguous order is one that leaves "no

uncertainty in the minds of those to whom it is addressed," and the person or entity "must be able to ascertain from the four corners of the order precisely what acts are [required or] forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (quoting *Drywall Tapers, Local 1974 v. Local 530, Operative Plasterers Int'l Ass'n,* 889 F.2d 389, 395 (2d Cir. 1989), *cert. denied,* 494 U.S. 1030 (1990)). "Contempt may be either civil or criminal, depending upon the substance of the contempt proceeding and the 'character and purpose of the sanction involved.'" *Sadowski v. Urbanspotlite LLC*, No. 22-CV-887 (BKS/DJS), 2023 WL 10365021, *1 (N.D.N.Y. Dec. 26, 2023) (quoting *Gompers v. Bucks Stove & Range,* 221 U.S. 418, 441 (1911)), *report recommendation adopted in part and rejected in part* 2024 WL 833604 (N.D.N.Y. Feb. 28, 2024) . "A sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party is civil." *Id. (*quoting *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989)).

### B. Fed. R. Civ. P. 45

#### 1. Manner of Service

Fed. R. Civ. P. 45(b)(1) provides:

> ***By whom and How; Tendering Fees***. Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

9

(Emphasis in original).

Some courts interpret the term "delivery" in Fed. R. Civ. P. 45 literally, requiring personal service of a subpoena. *See Khachikian v. BASF Corp.*, No. 91-CV-573 (NPM), 1994 WL 86702, at *1 (N.D.N.Y. Mar. 4, 1994) (granting a motion to quash a subpoena served by mail, based on, inter alia, improper service). According to this strict construction, Fed. R. Civ. P. 45's silence on alternate methods of service should be interpreted to mean "[n]owhere in Rule 45 is the Court given discretion to permit alternate service in troublesome cases." *In re Deposition Subpoena Directed to Smith*, 126 F.R.D. 461, 462 (E.D.N.Y. Jul. 11, 1989) (denying the plaintiff's motion for a leave to serve a subpoena upon a non-party witness by serving his attorney); *see also Agran v. City of New York*, No. 95-CV-2170, 1997 WL 107452, at *1 (S.D.N.Y. Mar. 11, 1997) (stating that "the Court is without authority to sanction an alternative form of service" and "the weight of authority is that a subpoena duces tecum must be served personally").

However, "a growing number of courts . . . have held that 'delivery' under Fed. R. Civ. P. 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service." *Cartier v. Geneve Collections, Inc.*, No. 07-CV-201, 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) (citations omitted) (denying plaintiffs' motion for a leave to serve subpoenas on defaulting defendants by certified mail because plaintiffs did not prove their diligent attempts to

10

effectuate personal service); *see also King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. Jan. 13, 1997) (denying non-parties' motion to quash subpoenas served by hand to their residence and by mail); *Hinds v. Bodie*, No. 84-CV-4450, 1988 WL 33123 (E.D.N.Y. Mar. 22, 1988) (holding non-party witness in contempt for failure to comply with subpoena that was served, with court's prior permission, by alternate means).

### 2. Witness Fee

Courts in this Circuit have deemed subpoenas invalid and granted motions to quash where a party failed to tender a witness fee with service of the subpoena. *See Juliao v. Charles Rutenberg Realty, Inc.*, CV 14-0808, 2018 WL 5020167, at *6 (E.D.N.Y. Jul. 23, 2018) ("[T]he clear language of Rule 45 indicates — and federal courts both inside and outside of the Second Circuit have held — that failure to tender the required witness fee and mileage allowance can serve as an adequate ground for the invalidation of a subpoena.") (internal quotation marks and citation omitted), *report and recommendation* adopted by 2018 WL 4502172 (E.D.N.Y. Sept. 20, 2018); *see also Brown v. Hendler*, No. 09-CV-4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (citing cases); *Song v. Dreamtouch, Inc.,* No. 01-CV-0386, 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid."). "This requirement is strictly

enforced." *Juliao*, 2018 WL 5020167, at *6 (internal quotation marks and citation omitted).

### 3. Contempt

Fed. R. Civ. P. 45(g) provides:

> **Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails, without adequate excuse to obey the subpoena or an order related to it.

(Emphasis in original).

Fed. R. Civ. P. 45 grants the court the power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) (citing *Diamond v. Simon*, No. 89-CV-7061, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994); *see also Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991)). In *Cont'l Ins. Co. v. Atlantic Cas. Ins. Co.*, the court held in contempt a third-party that failed to respond to a subpoena and imposed sanctions when the third-party "(1) failed to obey the subpoena by attending the deposition, (2) failed to oppose the defendant's motion for contempt, (3) failed to comply with [the] Court's July 17, 2008 order, and (4) did not make a motion to quash or modify the subpoena." No. 07-CV-3635, 2008 WL 3852046, at *2 (S.D.N.Y. Aug. 13, 2008).

### C. CERTIFIED FACTS

The court certifies the following facts which have been established by clear and convincing evidence:

1. Defendants issued and served a subpoena on Emerson Kinsey at his parents' residence by leaving it with his mother, directing him to appear for a deposition on June 13, 2023. (Dkt. Nos. 65-5, 65-6).

2. Emerson Kinsey failed to appear on June 13, 2023 for his deposition, as directed. (Dkt. No. 65-1, at ¶ 12).

3. On June 20, 2023, Judge Baxter issued a judicial subpoena directing Emerson Kinsey to appear for a deposition on July 13, 2023. (Dkt. No. 65-8). On June 26, 2023, the subpoena was served on Emerson Kinsey at his parents' residence by leaving it with his mother. (Dkt. No. 65-9).

4. Emerson Kinsey failed to appear for his deposition on July 13, 2023, as directed. (Dkt. No. 65-1, ¶ 17).

5. Judge Baxter signed a second judicial subpoena on July 20, 2023 directing Emerson Kinsey to appear for a deposition on July 31, 2023. (Dkt. 65-10).

6. On July 24, 2023, Shakeia Jones, Emerson Kinsey's girlfriend, accepted service of the second judicial subpoena. (Dkt. No. 65-1, ¶ 22).

7. On August 18, 2023, Judge Baxter signed a third judicial subpoena directing Emerson Kinsey to appear for a deposition on September 1, 2023. (Dkt. No. 65-12).

8. On August 18, 2023, Emerson Kinsey was personally served with the third judicial subpoena at the City of Syracuse Law Department. (Dkt. No. 65-13).

9. Emerson Kinsey failed to appear on September 1, 2023 for his deposition, as directed. (Dkt. No. 65-1, ¶ 31).

10. On September 20, 2023, defendants filed a Motion To Compel Emerson Kinsey's appearance for a deposition. (Dkt. No. 65).

11. On October 18, 2023, Judge Baxter issued an Order Compelling Appearance At Deposition ("Order"), directing Emerson Kinsey to appear for an testify at a deposition upon proper service of a new subpoena. (Dkt. No. 70).

12. The Order also contained the following language:

   **EMERSON KINSEY IS WARNED THAT HIS FAILURE TO COMPLY WITH THIS ORDER AND TESTIFY IN THE DEPOSITION AS DIRECTED BY THE COURT MAY RESULT IN THE IMPOSITION OF CONTEMPT OR OTHER SANCTIONS.**

   (Dkt. No. 70) (emphasis in original).

13. On January 3, 2024, Judge Baxter issued a text order (Dkt. No. 73) granting defendants' letter request (Dkt. No. 72) for leave to serve Emerson Kinsey with a deposition subpoena by email.

14. The court's January 3, 2024 text order also contained the following language:

   **MR. KINSEY IS WARNED THAT HIS FAILURE TO COOPERATE WITH DEFENSE COUNSEL AND PARTICIPATE IN A DEPOSITION NOTICED THROUGH E-MAIL COULD RESULT IN THE IMPOSITION OF CONTEMPT OR OTHER SANCTIONS.**

   (Dkt. No. 73) (emphasis in original).

15. On January 4, 2024, defendants' counsel served Emerson Kinsey, via electronic mail, with a copy of the Order and a subpoena directing him to appear for a deposition on February 1, 2024 at 10:00 a.m. (Dkt. Nos. 82, ¶ 12, 82-5).

16. Emerson Kinsey failed to appear on February 1, 2024 for his deposition, as directed. (Dkt. No. 82, ¶ 26).

17. On May 10, 2024, the court issued an Order to Show Cause to Emerson Kinsey as to why he should not be held in civil contempt for his willful failure to comply with the court's judicially issued subpoenas, and Order directing him to appear and testify on July 13, 2023, July 31, 2023, September 1, 2023, November 10, 2023, and February 1, 2024, why a writ of body attachment authorizing the federal marshal to take him into custody

should not be issued, and why compensatory and coercive sanctions should not be entered against him upon a finding of contempt. (Dkt. No. 83). The Order To Show Cause directed Emerson Kinsey to appear at the United States District Courthouse, 100 S. Clinton Street, Syracuse, New York on June 20, 2024 at 10:00 a.m. (*Id*.).

18. No written opposition to the May 10, 2024 Order To Show Cause was received.

19. Emerson Kinsey did not appear on June 20, 2024, as directed.

20. During oral argument on June 20, 2024 defendants' counsel acknowledged that the witness fee required by Fed. R. Civ. P. 45 had not been delivered to Emerson Kinsey with any of the previously issued subpoenas.

21. On June 20, 2024, defendants' counsel was directed to file, by July 12, 2024, a Certificate of Service stating that Emerson Kinsey had been served with a new subpoena and witness fee at his parents' last known address, and a declaration indicating that Emerson Kinsey had been contacted at his last known cell phone number and by text message informing him that a new subpoena together with the witness fee had been mailed to him at his parents' last known address. (Dkt. No. 87).

22. On July 11, 2024, defendants' counsel filed a Certificate of Service complying with the court's June 20, 2024 directive. (Dkt. No. 88-1). Defendants' counsel also filed proof that they attempted to email Emerson Kinsey and that they had texted him as well. (Dkt. Nos. 88-2, 88-3).

23. On July 17, 2024, defendants' counsel advised the court that Emerson Kinsey failed to appear for his deposition and requested that the court recommend holding him in contempt. (Dkt. No. 89).

24. On July 17, 2024, the court issued a text order directing defendants to file a copy of the deposition transcript memorializing Emerson Kinsey's non-appearance. (Dkt. No. 90). Defendants complied with the court's request on July 24, 2024, (Dkt. No. 91).

25. On July 30, 2024, the court issued an Order To Show Cause to Emerson Kinsey as to why an order should not be entered holding him in civil contempt for his willful failure to comply with the subpoena which directed

him to appear and testify on July 17, 2024, why a writ of body attachment authorizing the federal marshal to take him into custody and deliver him to the court should not be issued, and why compensatory and coercive sanctions should not be imposed on him upon a finding of contempt. (Dkt. No. 92). The Order To Show Cause directed Mr. Kinsey to appear on August 21, 2024 at 11:00 a.m. at United States District Court, Northern District of New York, 100 S. Clinton Street, Syracuse, New York 13261, Third Floor. (Dkt. No. 92)

26. A Certificate of Service was filed on August 2, 2024 showing due and proper service of the July 30, 2024 Order To Show Cause. (Dkt. No. 93-1).

27. No written opposition to the Order To Show Cause was received.

28. Emerson Kinsey did not appear on August 21, 2024, as directed.

### D. ANALYSIS

The court is satisfied that Emerson Kinsey was properly served with the July 11, 2024 subpoena (See Dkt. No. 88-1 at 1, 3),[3] as directed by the court's June 20, 2024 text order (Dkt. No. 87). The court is also satisfied that Emerson Kinsey was properly served with the July 30, 2024 Order To Show Cause. (Dkt. No. 92, 93, 93-1, 93-2, 93-3).

The court recommends a finding of civil contempt against Emerson Kinsey because he failed to comply with the July 11, 2024 subpoena. A finding of civil contempt is also warranted because Emerson Kinsey failed to appear in this court on August 21, 2024, as directed by the July 30, 2024 Order To Show Cause. Both the July 11, 2024 subpoena, and July 30, 2024 Order To Show Cause are clear and unambiguous

---

[3] Page references are to the CM/ECF pagination system.

16

and unequivocally enabled Emerson Kinsey to ascertain from their respective four corners what was required of him to comply with the directives contained in each. *See King*, 65 F.3d 1051.

Further, despite repeated attempts to contact him, Emerson Kinsey has been completely unresponsive, uncooperative, and has demonstrated an utter disregard for the judicial process. Emerson Kinsey's violation of the July 30, 2024 Order To Show Cause provides grounds for imposing sanctions against him. *See Cont'l Ins. Co.,* 2008 WL 3852046, at *2.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the district court hold Emerson Kinsey in civil contempt because of his for failure to obey the July 11, 2024 subpoena requiring him to appear on July 17, 2024 and give testimony in this matter, and it is

**RECOMMENDED** that the district court hold Emerson Kinsey in civil contempt because of his failure to obey the court's July 30, 2024 Order To Show Cause directing him to appear at the United States District Court, Northern District of New York, 100 S. Clinton Street, Syracuse, New York 13261, Third Floor, on August 21, 2024, at 11:00 a.m., and it is

**RECOMMENDED** that the district court issue a writ of body attachment directing the federal marshal service to take Emerson Kinsey into custody until such time as he can be brought before the Court, and it is

**RECOMMENDED** that the district court impose compensatory and coercive sanctions against Emerson Kinsey for his failure to comply with the July 11, 2024 subpoena and the court's July 30, 2024 Order To Show Cause, and it is

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 9, 2024

Mitchell J. Katz
U.S. Magistrate Judge