UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ADRIAN JONES,

                                  **Plaintiff,**

            v.                                        5:20-CV-340
                                                        (FJS/MJK)

POLICE SERGEANT JAMES MILANA,
POLICE OFFICER GORDON QUONCE,
POLICE OFFICER TARAS SENENKO, and
POLICE OFFICER DERRICK ETTINGER,

                                  **Defendants.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **SIVIN, MILLER & ROCHE LLP**<br>20 Vesey Street, Suite 1400<br>New York, New York 10007<br>Attorneys for Plaintiff | **EDWARD SIVIN, ESQ.**<br>**DAVID ROCHE, ESQ.**<br>**GLENN D. MILLER, ESQ.** |
| **CITY OF SYRACUSE LAW DEPARTMENT**<br>233 East Washington Street, Room 300<br>Syracuse, New York 13202<br>Attorneys for Defendants | **TODD M. LONG, ESQ.**<br>**DANIELLE PIRES, ESQ.**<br>**DARIENN BALIN, ESQ.** |

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Pending before the Court is Magistrate Judge Katz's September 9, 2024 Report-Recommendation, in which he addressed Defendants' efforts to depose non-party witness Emerson Kinsey, who was identified in Plaintiff's Rule 26(a)(1) mandatory disclosures as a "witness to events on the evening in question." *See* Dkt. No. 65-2 at ¶ 5.

In his Report-Recommendation, Magistrate Judge Katz recommended that this Court do the following: (1) "hold Emerson Kinsey in civil contempt because of his failure to obey the July 11, 2024 subpoena requiring him to appear on July 17, 2024," (2) "hold Emerson Kinsey in civil contempt because of his failure to obey the court's July 30, 2024 Order to Show Cause directing him to appear at the United States District Court, Northern District of New York, 100 S. Clinton Street, Syracuse, New York 13261, Third Floor, on August 21, 2024, at 11:00 a.m.," (3) "issue a writ of body attachment directing the federal marshal service to take Emerson Kinsey into custody until such time as he can be brought before the Court," and (4) "impose compensatory and coercive sanctions against Emerson Kinsey for his failure to comply with the July 12, 2024 subpoena and the court's July 30, 2024 Order to Show Cause[.]"  *See* Dkt. No. 97, Report-Recommendation, at 17-18.

Neither party nor Emerson Kinsey filed any objections to Magistrate Judge Katz's Report-Recommendation within the required time frame.

## II. DISCUSSION

**A.    Legal standards**

"United States magistrate judges have limited civil contempt authority." *Ferrara v. BD Haulers Inc.*, No. 11-CV-940, 2018 WL 3625347, *3 (E.D.N.Y. Apr. 30, 2018), *report and recommendation adopted*, 2018 WL 4087914 (E.D.N.Y. Aug. 27, 2018).  Magistrate judges may issue orders of contempt for misbehavior in the judge's presence and may exercise criminal and civil contempt authority in misdemeanor cases and in civil cases in which the parties have consent to magistrate judge jurisdiction.  *See* 28 U.S.C. § 636(e)(2)-(4).  In all other instances, the magistrate judge

> shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

In certifying the facts under 28 U.S.C. § 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Church v. Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) (citing *Proctor v. State Gov't of N.C.*, 830 F.2d 514, 521 (4th Cir. 1987)).

Once the magistrate judge has certified the facts supporting a finding of contempt, the district court must then conduct a de novo hearing at which issues of fact and credibility are to be made. *See id.* (citing *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 907-08 (3d Cir. 1992) (holding that it was error for the district court not to conduct a de novo hearing after the magistrate judge issued a certification of contempt)). Whether a party's conduct constitutes contempt for which sanctions should be imposed is left to the district court's discretion. *See Litton Sys., Inc. v. AT&T*, 700 F.2d 785, 827 (2d Cir. 1983). However, upon certification, a magistrate judge may recommend that the district court impose sanctions upon a finding of contempt. *See Peker v. Fader*, 965 F. Supp. 454, 460 (S.D.N.Y. May 27, 1997); *see also Kelly v. EMI Blackwood Music Inc.*, No. 7-CV-2123, 2007 WL 2327059, *2 (S.D.N.Y. Aug. 16, 2007).

Finally, a person may be held in contempt if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."

*Paramedics Electromedicina Comercial, Ltda. v. GE Medical Sys. Info. Technologies, Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks omitted). A clear and unambiguous order is one that leaves "no uncertainty in the minds of those to whom it is addressed," and the person or entity "must be able to ascertain from the four corners of the order precisely what acts are [required or] forbidden." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (quoting *Drywall Tapers, Local 1974 v. Local 530, Operative Plasterers Int'l Ass'n*, 889 F.2d 389, 395 (2d Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990)). "A sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party is civil." *Id.* (quoting *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989)).

B.  **Analysis**

In his Report-Recommendation, Magistrate Judge Katz certified twenty-eight facts that he concluded had been established by clear and convincing evidence. *See* Dkt. No. 97 at 13-16. Furthermore, Magistrate Judge Katz recommended, based on these facts, that this Court find Emerson Kinsey in civil contempt because he failed to comply with the July 11, 2024 subpoena and because he failed to appear in this court on August 21, 2024, as directed by the July 30, 2024 Order to Show Cause. *See id.* at 17. Magistrate Judge Katz stated that both the July 11, 2024 subpoena and the July 30, 2024 Order to Show Cause were clear and unambiguous and unequivocally enabled Emerson Kinsey to ascertain from their respective four corners what was required of him to comply with the directives contained therein. *See id.* at 16-17 (citing *King*, 65 F.3d 1051). Finally, Magistrate Judge Katz noted that, despite repeated attempts to contact Emerson Kinsey, he had been completely unresponsive, uncooperative, and had demonstrated an utter disregard for the judicial process. *See id.* at 17.

As noted, neither Emerson Kinsey nor any party to this matter filed objections to Magistrate Judge Katz's report-recommendation and the time for filing objections has expired. Therefore, the Court will review the Report-Recommendation for clear error. *See Sadowski v. Urbanspotlite LLC*, No. 1:22-cv-00887, 2024 WL 833604, *2 (N.D.N.Y. Feb. 28, 2024 (Sannes, C.J.) (citations omitted).

Having reviewed the Report-Recommendation and the applicable law and finding no error, the Court hereby

**ORDERS** that Magistrate Judge Katz's recommendation that the Court take certain actions if, after a de novo hearing, the Court determines that Emerson Kinsey is in contempt is **ADOPTED** for the reasons stated in his September 9, 2024 Report-Recommendation; and the Court further

**ORDERS** that Emerson Kinsey shall appear before this Court on **November 12, 2024 at 11:00 a.m. in Courtroom No. 6 on the 12th Floor of the James Hanley U.S. Courthouse & Federal Building, 100 South Clinton Street, Syracuse, New York** and **SHOW CAUSE** why this Court should not hold him in civil contempt for failing to obey the July 11, 2024 subpoena requiring him to appear on July 17, 2024, and give testimony in this matter and for failing to obey Magistrate Judge Katz's July 30, 2024 Order to Show Cause directing him to appear at this courthouse on August 21, 2024, at 11 a.m.  Immediately after the completion of that hearing, the deposition of Emerson Kinsey shall commence in the same courtroom (Courtroom No. 6). **Emerson Kinsey is hereby notified that, if he does not appear before the Court on** *November 12, 2024, at 11:00 a.m.* **as instructed herein, the Court will issue a Writ of Bodily Attachment directing the United States Marshal to take him into custody and to hold him**

**until such time as the Court can schedule a date for him to appear in this courthouse to address the issue of contempt and for the taking of his deposition**; and the Court further

**ORDERS** that Defendants shall serve a copy of this Memorandum-Decision and Order, together with a copy of Magistrate Judge Katz's September 9, 2024 Report-Recommendation, via email, upon Emerson Kinsey at emerson_kinsey@icloud.com and at any other known email address on or before **October 24, 2024**, and that such service be deemed good and sufficient; and the Court further

**ORDERS** that Defendants shall serve an additional copy of this Memorandum-Decision and Order, together with a copy of Magistrate Judge Katz's September 9, 2024 Report-Recommendation , on Emerson Kinsey by certified mail at his parents' last known address on or before **October 24, 2024**; and the Court further

**ORDERS** that Defendants' counsel shall contact Emerson Kinsey by telephone and text message at his last known telephone number on or before **October 24, 2024**, to advise him that a copy of this Memorandum-Decision and Order, together with a copy of Magistrate Katz's September 9, 2024 Report-Recommendation, has been served on him by email at emerson_kinsey@icloud.com or at any other known email address and by certified mail at his parents' last known address; and the Court further

**ORDERS** that Defendants' counsel shall file proof of service with the Court no later than **October 31, 2024**.

**IT IS SO ORDERED.**

Dated: October 16, 2024
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge